## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| HOOSIER AIR TRANSPORT, INC., | ) |
| | ) |
|   Plaintiff/Counterclaim Defendant, | ) |
| | ) |
|     vs. | ) Cause No. 1:17-cv-4198-WTL-TAB |
| | ) |
| DONNA SCHOFIELD, | ) |
| | ) |
|   Defendant/Counterclaimant. | ) |

## ENTRY ON MOTION TO REMAND

This cause is before the Court on the Plaintiff's motion to remand (Dkt. No. 6). The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

Plaintiff Hoosier Air Transport, Inc., ("Hoosier Air") filed this case in state court in Bartholomew County, Indiana. Hoosier Air alleged the following facts in its Complaint. Defendant Donna Schofield and Hoosier Air entered into a lease agreement in May 2014 pursuant to which Schofield was to pay Hoosier Air monthly lease payments to lease a 2014 Kenworth semi-truck. The lease further provided that Schofield was responsible for obtaining and paying for insurance coverage, maintenance and repair, operating expenses, and registration and licensing fees for the truck. From May 2014 to March 2017, Schofield was employed by Hoosier Air as a driver. When Schofield's employment with Hoosier Air ended, Schofield owed Hoosier Air $25,459.76 for amounts that had been advanced to Schofield by Hoosier Air to cover her obligations under the lease. It is that amount that Hoosier Air sought to recover[1] from Schofield in this case.

---

[1] Hoosier Air has since amended its complaint to seek additional damages.

On its face, Hoosier Air's Complaint asserts a straightforward breach of contract claim against Schofield. Nonetheless, Schofield removed the case to this court on the ground that the case presents a federal question because Hoosier Air's "allegations are governed in whole or in part by the Motor Carrier Act 49 U.S.C. §§ 14102 *et seq.*, and the regulations promulgated thereunder, namely 49 C.F.R. § 376.12, all of which relate to disputes arising out of the owner-operator lease agreements."[2] Dkt. No. 1 at 2. In response to Hoosier Air's motion to remand, Schofield argues that this case was properly removed to federal court—and, indeed, cannot be heard in state court—because Hoosier Air's state law breach of contract claim is preempted by the Motor Carrier Act. Dkt. No. 13 at 11 ("[W]hat is obviously at issue with Schofield's Notice of Removal is the question of the state court's lack of subject matter jurisdiction to hear claims pre-empted entirely by federal law.").

Schofield appears to believe that simply because there are federal statutes and/or regulations that govern certain aspects of leases and other agreements involving a motor carrier,[3] any suit arising out of that lease—including a claim for breach of the lease—may only be heard in federal court. Schofield is incorrect. Schofield's argument is closely analogous to the

---

[2]Schofield states that Hoosier Air "misconstrues Schofield's Notice of Removal as only invoking a federal question, when in reality the notice stated '[t]he Action is one which may be removed to this court by the Defendant, pursuant to 28 U.S.C.A. §§ 1441 and 1446, and over which this court has original jurisdiction pursuant to 28 U.S.C.A. § 1331, in that the matter in controversy arises under the laws of the United States'" and that the allegations in the Complaint are "governed in whole or in part by the Motor Carrier Act." Dkt. No. 13 at 8-9 (quoting Dkt. No. 1 at 2). Schofield then states "[u]nder either or both theories, Schofield's removal is proper." *Id.* at 9. It is entirely unclear to the Court what Schofield means by "both theories." There are only two "theories" under which a case may be removed to federal court: (1) diversity of citizenship or (2) federal question. Schofield did not invoke diversity jurisdiction in her notice of removal; accordingly, Hoosier Air is correct that Schofield "only" invoked federal question jurisdiction.

[3]The Court assumes, without deciding, that Schofield is correct that the Motor Carrier Act and related regulations apply to the lease at issue in this case.

argument that was rejected in *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 652 (7th Cir. 2015):

> Under this theory, conflict preemption would occur any time a court would be required to interpret a regulation to decide a case arising under the common law or other sources of law independent of the regulation itself. But courts interpret federal regulations all the time without triggering preemption concerns. The mere possibility that a court would need to interpret a regulation does not itself establish preemption. See *CSX Transportation, Inc. v. Easterwood*, 507 U.S. 658, 664 (1993) ("To prevail on the claim that the regulations have pre-emptive effect, petitioner must establish more than that they 'touch upon' or 'relate to' that subject matter...."), citing *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383-84 (1992); *English v. General Electric Co.*, 496 U.S. 72, 87 (1990) ("Ordinarily, the mere existence of a federal regulatory or enforcement scheme, even one as detailed as § 210 [of the Energy Reorganization Act of 1974], does not by itself imply pre-emption of state remedies."); *Hillsborough County v. Automated Medical Laboratories, Inc.*, 471 U.S. 707, 717 (1985) ("To infer preemption whenever an agency deals with a problem comprehensively is virtually tantamount to saying that whenever a federal agency decides to step into a field, its regulations will be exclusive."); *Keams v. Tempe Technical Institute, Inc.*, 39 F.3d 222, 226-27 (9th Cir.1994) (holding that detailed regulatory scheme under the HEA did not imply preemption of state tort remedies against accreditors).

Thus, the Seventh Circuit held in *Bible* that the plaintiff's breach of contract action was not preempted by the Higher Education Act, even though the contract in question was governed by the Act and the very terms of the contract that the plaintiff alleged were violated were terms that were required by the Act.[4] *See Bible*, 799 F.3d at 653 ("Bible's claim is that USA Funds breached the [parties' agreement] by acting contrary to the federal regulations incorporated into

---

[4]Hoosier Air's breach of contract claim does not appear to arise out of any obligation created by federal law; rather, it simply alleges that Schofield failed to fulfill her obligations under the terms of the lease. The fact that Schofield has asserted both defenses and counterclaims based on federal law does not support removal. "The federal question must be part of the plaintiff's well-pleaded complaint; jurisdiction may not be 'predicated on an actual or anticipated defense.'" *Wisconsin Interscholastic Athletic Ass'n v. Gannett Co.*, 658 F.3d 614, 619 (7th Cir. 2011) (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (in turn citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908)).

the contract."); *see also Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547 (7th Cir. 2012) (finding no preemption of breach of contract action even though contract in question was governed by federal Home Affordable Mortgage Program and "the state-law duty allegedly breached is imported from and delimited by federal standards"). And, in any event, "conflict preemption does not provide an independent basis for federal jurisdiction/removal." *Franciscan Skemp Healthcare, Inc. v. Central States Joint Bd. Health and Welfare Trust Fund*, 538 F.3d 594, 601 (7th Cir. 2008); *In re Repository Techs., Inc.*, 601 F.3d 710, 723 (7th Cir. 2010) ("Absent complete preemption, a defense that relies on 'the pre-emptive effect of a federal statute' does not provide a basis for removal.") (citation omitted).

While Schofield's argument sounds in conflict preemption, she argues that complete preemption (also known as field preemption) applies in this case; in other words, that this is an area in which "federal law has entirely displaced state law." *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 402.[5] However, aside from stating that "the Lease Agreement is a subject which has been completely preempted by federal law," Dkt. No. 13 at 11, Schofield makes no cogent argument as to why she believes that is the case.

> In determining whether a federal statute preempts state law we begin, as we always must, with the intent of Congress. *Wyeth v. Levine,* 555 U.S. 555, 565, 129 S.Ct. 1187, 173 L.Ed.2d 51 (2009). We ascertain the intent of Congress, however, through a lens that presumes that the state law has not been preempted. *Id.* We do this because, given the historic police powers of the states, a court must assume that Congress did not intend to supersede those powers unless the language of the statute expresses a clear and manifest purpose otherwise. *Id.* at 565, 129 S.Ct. 1187.

---

[5]Curiously, Schofield asserts in her response to the instant motion that "[t]he Court has jurisdiction over Ms. Schofield's state law claims pursuant to the doctrine of supplemental jurisdiction." Dkt. No. 13 at 3. This assertion is inconsistent with Schofield's position that complete preemption exists; if, as Schofield asserts, all claims relating to the parties' relationship were preempted by the Motor Carrier Act, Schofield could not assert any state law claims.

*Patriotic Veterans, Inc. v. Indiana*, 736 F.3d 1041, 1046 (7th Cir. 2013) (additional citations omitted). Complete preemption has been found very rarely, and there is absolutely nothing about the Motor Carrier Act that suggests that it should apply here. *See Stewart Trucking, Inc. v. PBX, Inc.*, 238 Neb. 958, 964-65 (1991) ("Congress has not comprehensively and exclusively legislated on the subject of interstate motor carrier leases and thereby occupied the entire field of law for leases involving interstate motor carriers, nor has Congress expressed a clear intent that states are excluded from controlling remedies in causes of action arising out of interstate motor carrier leases."). Indeed, the Seventh Circuit recently has addressed a breach of contract case involving a lease subject to the Motor Carrier Act. *See Mervyn v. Atlas Van Lines, Inc.*, 882 F.3d 680, 686 (7th Cir. 2018) ("Mervyn's arguments in the district court and on appeal for these claims were necessarily premised on a breach of the lease. Since we conclude that Mervyn's breach of contract claims fail and that he was paid according to the plain terms of the lease, his claims under the Truth–In–Leasing regulations also fail.").

Schofield points to no provision of the Motor Carrier Act that manifests an intent by Congress to preempt common law breach of contract claims, and the Court has found none. Schofield also points to no case in which a court has so held. Nor has Schofield articulated how the Motor Carrier Act provides a mechanism for resolving the claim asserted by Hoosier Air— that Schofield failed to make payments under the lease. *See Vorhees*, 272 F.3d at 404 (noting that the absence of a federal cause of action is "seemingly fatal to a claim of complete preemption) (citing, *inter alia*, *Rice v. Panchal*, 65 F.3d 637, 641 (7th Cir. 1995) ("[T]he ability to bring suit under [federal law] is an element of 'complete preemption'. . . . For unless the federal law has created a federal remedy—no matter how limited—the federal law, of necessity,

will only arise as a defense to a state law action.")). Complete preemption simply does not apply in this case.

Because Air Hoosier's claim is not completely preempted by federal law, this case was improperly removed. Accordingly, Schofield's motion to remand is **GRANTED** and this case is **REMANDED** to the Bartholomew Superior Court. **As required by 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of this remand order to the Clerk of the Bartholomew County Superior Court.**

SO ORDERED: 6/11/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification